The Honorable Christopher M Alston
Chapter 7
Hearing Location: Telephonic
Hearing Date: December 4, 2020
Hearing Time: 9:30 a.m.
Response Date: November 27, 2020

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WASHINGTON

In re:

Willie James Echols
                        Debtor.

CASE NO.: 19-10359-CMA

Chapter: 7

MOTION FOR RELIEF FROM THE
AUTOMATIC STAY BY
MONTANA FUNDING, LLC

COMES NOW Montana Funding, LLC ("Movant" or "Creditor") and moves this Court for an Order Terminating the Automatic Stay, allowing Movant to proceed with and complete any and all contractual/statutory remedies incident to the interest held by virtue of the Promissory Note and Deed of Trust described below and attached as exhibits to the Declaration in Support of Movant's Motion for Relief from the Automatic Stay.

## I.     RELEVANT FACTS

### A.     The Property

On or about November 9, 2018, Willie James Echols ("Debtor"), executed a Promissory Note in favor of Eastside Funding, LLC in the original principal amount of $280,154.36 ("Promissory Note"). Debtor, as described by the Promissory Note, are secured by a Deed of Trust ("Deed of Trust") properly recorded and creating a lien against the Property commonly known as 318 South 104th Street, Seattle, Washington 98168 (the "Property").

Creditor is the holder of the Note and thus has standing to enforce the Note pursuant to RCW §62A.3-301. The Deed of Trust was pledged as incident to the Note and thus, as the holder of the Note, Creditor also has the right to enforce the Deed of Trust that follows the note. The

Motion for Relief from Stay - 1

ZBS Law, LLP
11335NE 122nd, Suite 105
Kirkland, Washington 98043

1    Note matured on June 7, 2019.

2          Debtor filed for protection under Chapter 7 of Title 11 of the United States Code on

3    January 31, 2019.  The bankruptcy case was discharged on June 18, 2019 and first closed on June

4    21, 2019.  The case was then re-opened on July 13, 2020.

5          The subject property was acquired by the Debtor post-petition and post-discharge, prior

6    to the recent bankruptcy case re-opening and was not originally included in the petition though is

7    now included, thereby requiring this motion.

8          A non-judicial foreclosure action had commenced earlier this year and is currently on

9    hold.  No sale date has been scheduled as of yet.

10

11         **B.      The Debt**

12         As of October 21, 2020, Debtor owes the full amount of the Note by virtue of the loan

13   having matured on June 7, 2019.  The approximate amount owed under the terms of the Promissory

14   Note is $361,706.33.  This is an approximation of the Loan, including principal balance plus

15   accrued interest, late charges, escrow shortages and other fees and costs as allowed under the terms

16   of the Deed of Trust.  This estimate is accurate as of the date provided to Movant's Counsel of

17   Record and is intended only for the purposes of this Motion.  This amount cannot be relied upon

18   for any other purposes, including payoff of the secured debt.  A complete, date specific and

19   itemized payoff figure may be obtained from Movant upon written request to Movant's Counsel

20   of Record.

21         As of October 21, 2020, the Debtor has accumulated the following post-petition default:

22

| Loan Matured: | June 7, 2019 |
| Total Amount Due: | $361,706.33 |

25

26         **C.      The Value of the Property**

27         The value of the Property is $300,000.00, per Debtor's Schedules A/B. The total

28   Motion for Relief from Stay - 2                                          ZBS Law, LLP
                                                                              11335NE 122nd, Suite 105
                                                                              Kirkland, Washington 98043

debt secured by collateral is $361,706.33. There is no equity in the collateral and it is over-encumbered by ($85,706.33) after deducting $24,000.00 liquidation costs.

## II. LAW AND ARGUMENT

### A. Standing

To prosecute a Motion for Relief from the Automatic Stay as to enforcement of a Promissory Note and Deed of Trust, Movant must establish that it has an interest in the Promissory Note, either as a holder or as a party entitled to enforce the Promissory Note. See *In re Veal*, 450 B.R. 897 (9th Cir. BAP 2011). In the case at bar, the Declaration and Exhibits supporting the Motion establish that Movant is the holder of the Promissory Note and thus has standing to prosecute the instant Motion.

### B. Basis for Relief from Stay

Section 362(d)(2) of the Bankruptcy Code authorizes the court to lift the automatic stay of an act against property where the debtor has no equity in such property and the property is not necessary for an effective reorganization. *In re Dollar Associates*, 172 B.R. 945, 953 (Bankr. N.D. Cal. 1994). Since a Chapter 7 case does not contemplate reorganization, the sole issue before the court when stay relief is sought under Section 362(d)(2) is whether the debtor has equity in the property. *See e.g., Nev. Nat'l Bank v. Casbul of Nev., Inc.*, 22 B.R. 65, 66 (9th Cir. BAP 1982); *Ramco Indus. v. Preuss (In re Preuss)*, 15 B.R. 896 (9th Cir. BAP 1981). In determining whether there is equity in the property, all encumbrances on the property, including all costs and fees must be considered. *In re Sun Valley Newspapers, Inc.*, 171 B.R. 71, 75 (Bankr. 9th Cir. 1994), citing *Stewart v. Gurley*, 745 F.2d 1194, 1196 (9th Cir. 1984)).

Pursuant to the provisions of 11 U.S.C. § 361 and § 362(d)(1), even where the debtor has equity in Property, relief for cause may be granted by the Court pursuant to 11 U.S.C. § 362(d)(1), where the Creditor's interest in the property is not adequately protected. *In re Ellis*, 60 B.R. 432, 435 (B.A.P. 9th Cir. 1985). Movant submits that adequate protection in this case requires normal and periodic cash payments, as called for by the Note, plus the repayment of any and all delinquent

amounts owed to Movant, including all attorneys' fees and costs incurred in the filing of this Motion.

Based on the foregoing, Movant is informed and believes that Debtor is presently unable or unwilling to provide adequate protection to Movant and there is no probability that adequate protection will be provided to Movant within a reasonable time. As such Movant should be entitled to relief from stay under 11 U.S.C. 362(d)(1) and (d)(2).

### III. PRAYER FOR RELIEF

For the reasons stated above, Movant requests:

1. Relief from the Automatic Stay under §362(d)(1) and/or (2) to allow Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law and enforce its remedies to obtain possession of the Subject Property.

2. That the Order be binding and effective despite any conversion of this Bankruptcy case to a case under any other Chapter of Title 11 of the United States Bankruptcy Code.

3. For an Order that the 14-day Stay described by Bankruptcy Rule 4001(a)(3) be waived.

4. For such other relief as the Court deems proper.

Dated:  October 29, 2020                **ZBS Law, LLP**


                                        */s/ Scott D. Crawford*
                                        Scott D. Crawford, WSBA 34978
                                        Attorney for Movant.