# PROMISSORY NOTE

$280,154.36　　　　　　　　Kirkland, WA　　　　　　　　LOAN ID: ▉▉▉▉
　　　　　　　　　　　　　　　　　　　　　　　　　　　　9th, November, 2018

**FOR VALUE RECEIVED, Willie James Echols**, hereinafter "Maker," promises to pay EASTSIDE FUNDING, LLC, a Washington limited liability company hereinafter "Holder" or order, at 3927 Lake Washington BLVD NE Kirkland WA 98033, or other such place as may be designated by the Holder from time to time, the principal sum of TWO HUNDRED AND EIGHTY THOUSAND, ONE HUNDRED AND FIFTY FOUR AND 36/100 Dollars ($280,154.36), with interest thereon from 9th November, 2018 through and including the date of full payment on the unpaid principal at the rate of TWELVE Percent (12%) per annum, computed on a 365/360 basis; that is, by applying the ratio of the interest rate over a year of 360 days, multiplied by the outstanding principal balance, multiplied by the actual number of days the principal balance is outstanding. All interest payable under the note is computed using this method. This calculation method results in a higher effective interest rate than the 12% rate stated in this Note.

1. **INSTALLMENT PAYMENTS:** Maker shall pay monthly interest only installments of TWO THOUSAND, EIGHT HUNDRED AND ONE AND 54/100 DOLLARS, ($2,801.54) commencing 01/01/2019, and continuing to be due on the same day of each succeeding calendar month until the Date of Maturity (hereinafter defined) when the entire principal balance and all accrued and unpaid interest shall be due and payable in full. Monthly interest payments may not cover all interest for the prior month depending on the number of days in a given month; additional accrued interest shall be payable at such time as the principal balance is due, whether by maturity, acceleration or otherwise.

2. **DATE OF MATURITY:** The entire balance of this Note together with any and all interest accrued thereon shall be due and payable in full on the 7th of June, 2019.

3. **DEFAULT INTEREST:** After maturity, or failure to make any payment, any unpaid principal shall accrue interest at the rate of TWENTY FOUR Percent (24%) per annum during such period of Maker's default under this Note; payment of accrued default interest shall be a condition of any cure.

4. **ALLOCATION OF PAYMENTS:** Each payment shall be credited first to any late charge, fees or advances due, second to interest, and the remainder to principal.

5. **PREPAYMENT:** Maker may prepay all or part of the balance owed under this Note at any time without penalty.

6. **CURRENCY:** All principal and interest payments shall be made in lawful money of the United States.

7. **LATE CHARGE:** If Holder receives any installment payment more than FIVE days after its due date, then a late payment charge of TEN percent (10%) of the installment payment shall be added to the scheduled payment.

8. **DUE ON SALE:** In the event any interest in the property which is the subject of the Deed of Trust securing this Note is sold [by conveyance or contract to sell] assigned, traded, transferred, encumbered or otherwise conveyed, without prior written consent of Holder, the Holder may, at said Holder's option, declare the entire outstanding principal balance of this Note, plus all accrued interest, immediately due and payable. Holder may opt to give consent to such transfer and in so doing, may require such modifications in the terms of this installment Note, and the interest rate herein provided, as Holder alone shall determine in the exercise of Holder's sole discretion;

9. **ACCELERATION:** If Maker fails to make any payment owed under this Note, or if Maker defaults under any Deed of Trust or any other instruments securing repayment of this Note, Holder may, at its option, declare all outstanding sums owed on this Note to be immediately due and payable, in addition to any other rights or remedies that Holder may have under the Deed of Trust or other instruments securing repayment of this Note.

EXHIBIT 1
Case 19-10359-CMA　　Doc 35-3　　Filed 10/29/20　　Ent. 10/29/20 09:18:16　　Pg. 1 of 17

10. **ATTORNEYS' FEES AND COSTS:** Maker shall pay all costs incurred by Holder in collecting sums due under this Note after a default, including reasonable attorneys' fees, whether or not suit is brought. If Maker or Holder sues to enforce this Note or obtain a declaration of its rights hereunder, the prevailing party in any such proceeding shall be entitled to recover its reasonable attorneys' fees and costs incurred in the proceeding (including those incurred in any bankruptcy proceeding or appeal) from the non-prevailing party.

11. **WAIVER OF PRESENTMENT:** Maker waives presentment for payment, notice of dishonor, protest and notice of protest.

12. **NON-WAIVER:** No failure or delay by Holder in exercising Holder's rights under this Note shall be a waiver of such rights.

13. **SEVERABILITY:** If any clause or any other portion of this Note shall be determined to be void or unenforceable for any reason, such determination shall not affect the validity or enforceability of any other clause or portion of this Note, all of which shall remain in full force and effect.

14. **INTEGRATION:** There are no verbal or other agreements which modify or affect the terms of this Note. This Note may not be modified or amended except by written agreement signed by Maker and Holder.

15. **CONFLICTING TERMS:** In the event of any conflict between the terms of this Note and the terms of any Deed of Trust or other instruments securing payment of this Note, the terms of this Note shall prevail.

16. **EXECUTION:** Each Maker executes this Note as a principal and not as a surety. If there is more than one Maker, each such Maker shall be jointly and severally liable under this Note.

17. **COMMERCIAL OR BUSINESS PURPOSE:** Maker acknowledges that the Loan is solely for commercial or business purposes and not consumer, personal, family, or household purposes. Maker warrants that it is not purchasing any property securing repayment of this Note for its personal residence and has no intention of residing therein.

18. **DEFINITIONS:** In this Note, singular and plural words shall be construed interchangeably as may be appropriate in the context and circumstances to which such words apply.

19. **CROSS DEFAULT:** Default by Maker in the performance or payment of any other obligation or indebtedness now or hereafter owed by Maker [or any entity in which Maker holds a controlling interest] to Holder, [including Lender's predecessors and successors in interest] shall constitute a default on this Note.

20. **SECURED NOTE.** This Note shall be secured by a Deed of Trust of even date herewith upon the real property described therein. Reference is made to such Deed of Trust for further rights of acceleration of the indebtedness evidenced by this Note, and for further obligations of the parties hereto as to payments of taxes and insurance and other obligations. In addition to any other remedy which may be provided in said Deed of Trust, the holder hereof may add to the principal balance of this Note any sums advanced by holder for the payment of taxes, insurance, or other obligations required to be paid by Maker pursuant to the terms of said Deed of Trust, together with any charges or assessments which may be levied for nonpayment. Any sums paid shall be added to principal, and will bear interest as in this Note provided

21. **BANKRUPTCY REORGANIZATION.** For the purpose of any reorganization plan under the United States Bankruptcy Code, including, without limitation, Chapters 11 and 13 thereof and Code Sections 1123 and 1322 of said Chapters, arrears accumulated and unpaid shall accrue interest at the same rate applicable to the Principal during the life of the plan, and all payments toward arrearage under such reorganization plan shall be applied first to the interest accruing on the arrearage and then to the arrearage balance. Any cure in any reorganization plan under The United States Bankruptcy Code shall include payment of accrued and unpaid interest at the Default Rate, plus all additional costs, fees or charges due pursuant to this Note, the Deed of Trust securing this Note or any other documents executed in association herewith.

22. **Governing Law.** This Note is made with reference to and is to be construed in accordance with the laws of the State of Washington without regard to its conflict of laws provisions. **Time is of the essence.**

**ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, TO EXTEND CREDIT, OR TO FOREBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.**

**MAKER:**

**Willie James Echols**

Mailing Address: 2101 SW Sunset Blvd. F-304 Renton WA, 98057

Sign Name: *Willie J Echols*
Print Name: *Willie James Echols*

Sign Name: _____
Print Name: _____

Sign Name: _____
Print Name: _____

PAY TO THE ORDER OF

MONTANA FUNDING LLC

WITHOUT RECOURSE

OF ANY KIND OR NATURE

*[signature]*

Eastside Funding LLC

PAY TO THE ORDER OF

COLUMBIA BANK

*[signature]*

Pay to the order of *Montana Funding* LLC

By: Columbia State Bank

*[signature]*

EXHIBIT 1

AFTER RECORDING MAIL TO:

Eastside Funding, LLC
3927 Lake Washington BLVD NE
Kirkland WA 98033



20190320001157
DEED OF TRUST    Rec: $105.00
3/20/2019 4:11 PM
KING COUNTY, WA

Grantor(s):                  Willie James Echols
Grantee(s):                  EASTSIDE FUNDING, LLC
Abbreviated Legal:           LT 1. SP NO 1079046, KING CO, WA.
Assessor's tax parcel no(s): 0523049168

## DEED OF TRUST

THIS DEED OF TRUST, made this 9th day of November, 2018, between Willie James Echols, GRANTOR(S), whose street address is 8414 47th Ave S 18, Seattle, Washington 98118, CASCADE TRUSTEE SERVICES, INC., TRUSTEE, whose street address is 23515 Northeast Novelty Hill Road #B221-229, Redmond, WA 98053, and EASTSIDE FUNDING, LLC, a Washington limited liability company, BENEFICIARY, whose street address is 3927 Lake Washington BLVD NE, Kirkland, WA 98033.

WITNESSETH: Grantor(s) hereby bargain(s), sell(s), and convey(s) to Trustee in trust, with power of sale, the following described real property in King County, Washington (the "Property"):

LOT 1, SHORT PLAT NO 1079046, ACCORDING TO THE SHORT PLAT RECORDED UNDER KING COUNTY RECORDING NO. 8006250286. SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

Commonly known as: 318 South 104th Street, Seattle, Washington 98168.

which Property is not used principally for agricultural purposes, together with all the tenements, hereditaments, and appurtenances now or hereafter belonging or in any way appertaining, and together with the following, (all of which shall be deemed included in the "Property"):

(a) All land lying in streets and roads adjoining the Property, and all access rights and easements pertaining to the Property.

(b) All the lands, tenements, privileges, reversions, remainders, irrigation and water rights and stock, oil and gas rights, royalties, minerals and mineral rights, hereditaments and appurtenances belonging or in any way pertaining to the Property.

(c) All buildings, structures, improvements, fixtures and property now or hereafter attached to or used in the operation of the Property

(d) All rents, issues and profits of the Property, all existing and future leases of the Property (including extensions, renewals and subleases), all agreements for use and occupancy of the Property (all such leases and agreements whether written or oral, are hereafter referred to as the "Leases"), and all guaranties of lessees'

DEED OF TRUST                           1 of 6

performance under the Leases, together with the immediate and continuing right to collect and receive all of the rents, income, receipts, revenues, issues, profits and other income of any nature now or hereafter due (including any income of any nature coming due during any redemption period) under the Leases or from or arising out of the Property including minimum rents, additional rents, percentage rents, parking or common area maintenance contributions, tax and insurance contributions, deficiency rents, liquidated damages following default in any Lease, all proceeds payable under any policy of insurance covering loss of rents resulting from untenantability caused by destruction or damage to the Property, all proceeds payable as a result of a lessee's exercise of an option to purchase the Property, all proceeds derived from the termination or rejection of any Lease in a bankruptcy or other insolvency proceeding, and all proceeds from any right and claims of any kind which Grantor may have against any lessee under the Leases or any occupants of the Property (all of the above are hereafter collectively referred to as the "Rents"). This subsection is subject to the right, power and authority given to the Beneficiary in the Loan Documents (as defined herein) to collect and apply the Rents.

(e) All compensation, awards, damages, rights of action and proceeds (including insurance proceeds and any interest on any of the foregoing) arising out of or relating to a taking or damaging of the Property by reason of any public or private improvement, condemnation proceeding (including change of grade), fire, earthquake or other casualty, injury or decrease in the value of the Property; all returned premiums or other payments on any insurance policies pertaining to the Property and any refunds or rebates of taxes or assessments on the Property.

(f) All permits, permit applications, plans, specifications, contracts, agreements and purchase orders pertaining or incidental to the design, construction, maintenance or management of any improvements on the Property, Grantor's rights under any payment, performance, or other bond in connection with construction of improvements on the Property, and all construction materials, supplies, and equipment delivered to the Property or intended to be used in connection with the construction of improvements on the Property wherever actually located.

**THIS DEED IS FOR THE PURPOSE OF SECURING** the following:
(a) Payment of the sum of TWO HUNDRED AND EIGHTY THOUSAND, ONE HUNDRED AND FIFTY FOUR AND 36/100 DOLLARS ($280,154.36), with interest thereon, according to the terms of a promissory note of even date herewith, payable to Beneficiary or order and made by Grantor (the "Note," which term shall include all renewals, modifications or extensions thereof evidencing the indebtedness secured by this Deed of Trust)

(b) Payment of any further sums advanced or loaned by Beneficiary to Grantor, or any of its successors or assigns, if (1) the Note or other writing evidencing the future advance or loan specifically states that it is secured by this Deed of Trust or (2) the advance, including costs and expenses incurred by Beneficiary, is made pursuant to this Deed of Trust or any other documents executed by Grantor evidencing, securing or relating to the Note and/or the Property, whether executed prior to, contemporaneously with or subsequent to this Deed of Trust (this Deed of Trust, the Note and such other documents, including any construction or other loan agreement, are hereafter collectively referred to as the "Loan Documents") together with interest thereon at the rate set forth in the Note unless otherwise specified in the Loan Documents or agreed to in writing; and

(c) Performance of each agreement, term and condition set forth or incorporated by reference in the Loan Documents unless performance of such agreement, term or condition is specifically provided to not be secured by this Deed of Trust.

Notwithstanding the foregoing and the covenants hereafter set forth, it is expressly agreed and acknowledged that none of the covenants, representations, or other obligations of Grantor set forth in this Deed of Trust are intended by Grantor and Beneficiary to secure or be the substantial equivalent of obligations of Grantor arising under any the Hazardous Substance Indemnity or other environmental indemnity agreement or provision, including without limitation any agreement or provision pertaining to hazardous or toxic wastes or substances,

DEED OF TRUST 2 of 6

and any reference hereafter to the Loan Documents shall not include any such environmental indemnity agreement or provision included therein.

COVENANTS: Grantor(s) covenant(s) and agree(s) as follows:

1. To keep the Property in good condition and repair; to permit no waste of the Property; to complete any building, structure, or improvement being built or about to be built on the Property; to restore promptly any building, structure, or improvement on the Property which may be damaged or destroyed; and to comply with all laws, ordinances, regulations, covenants, conditions, and restrictions affecting the Property.
2. To pay before delinquent all lawful taxes and assessments upon the Property; to keep the Property free and clear of all other charges, liens, or encumbrances impairing the security of this Deed of Trust;
3. To keep all buildings now or hereafter erected on the Property continuously insured against loss by fire or other hazards in an amount not less than the total debt secured by this Deed of Trust. All policies shall be held by the Beneficiary, and be in such companies as the Beneficiary may approve and have loss payable first to the Beneficiary, as its interest may appear, and then to the Grantor(s). The amount collected under any insurance policy may be applied upon any indebtedness secured by this Deed of Trust in such order as the Beneficiary shall determine. Such application by the Beneficiary shall not cause discontinuance of any proceedings to foreclose this Deed of Trust. In the event of foreclosure, all rights of the Grantor(s) in insurance policies then in force shall pass to the purchaser at the foreclosure sale.
4. To defend any action or proceeding purporting to affect the security hereof or the rights or powers of Beneficiary or Trustee, and to pay all costs and expenses, including cost of title search and attorney's fees in a reasonable amount, in any such action or proceeding, and in any suit brought by Beneficiary to foreclose this Deed of Trust.
5. To pay all costs, fees, and expenses in connection with this Deed of Trust, including the expenses of the Trustee incurred in enforcing the obligation secured by this Deed of Trust and Trustee's and attorney's fees actually incurred, as provided by statute.
6. That, in the event Grantor(s) fails to pay when due any taxes, assessments, insurance premiums, liens, encumbrances, or other charges against the Property, Beneficiary may pay the same, and the amount so paid, with interest at the rate set forth in the note secured by this Deed of Trust, shall be added to and become a part of the debt secured in this Deed of Trust.
7. The Property may not be sold (by conveyance, contract to sell or otherwise), assigned, transferred or encumbered without the Beneficiary's consent; upon breach of this provision, in addition to any other remedies provided in the Note or Loan Documents, Beneficiary may declare all sums due under the Note and this Deed of Trust immediately due and payable, unless prohibited by applicable law.
8. In the event any portion of the Property is taken or damaged in an eminent domain proceeding, the entire amount of the award or such portion as may be necessary to fully satisfy the obligation secured by this Deed of Trust shall be paid to Beneficiary to be applied to said obligation.
9. By accepting payment of any sum secured by this Deed of Trust after its due date, Beneficiary does not waive its right to require prompt payment when due of all other sums so secured or to declare default for failure to so pay.
10. The Trustee shall reconvey all or any part of the Property covered by this Deed of Trust to the person entitled thereto, on written request of the Grantor(s) and the Beneficiary, or upon satisfaction of the obligation secured and written request for reconveyance made by the Beneficiary or the person entitled thereto.
11. Upon default by Grantor(s) in the payment of any indebtedness secured by this Deed of Trust or in the performance of any agreement contained in this Deed of Trust, all sums secured by this Deed of Trust shall immediately become due and payable at the option of the Beneficiary. In such event and upon written request of Beneficiary, Trustee shall sell the trust property, in accordance with the Deed of Trust Act of the State of Washington.
12. Trustee shall deliver to the purchaser at the sale its deed, without warranty, which shall convey to the purchaser all right, title and interest in the real and personal property which Grantor(s) had or had the power to convey at the time of the execution of this Deed of Trust, and such as Grantor(s) may have acquired thereafter. Trustee's deed shall recite the facts showing that the sale was conducted in compliance with all the requirements

DEED OF TRUST  3 of 6

of law and of this Deed of Trust, which recital shall be prima facie evidence of such compliance and conclusive evidence thereof in favor of bona fide purchaser and encumbrancers for value.

13. The power of sale conferred by this Deed of Trust and by the Deed of Trust Act of the State of Washington is not an exclusive remedy; Beneficiary may cause this Deed of Trust to be foreclosed as a mortgage.

14. In the event of the absence, death, incapacity, disability, or resignation of Trustee, or at the discretion of the Beneficiary, Beneficiary may appoint in writing a successor trustee, and upon the recording of such appointment in the mortgage records of the county in which this Deed of Trust is recorded, the successor trustee shall be vested with all powers of the original trustee. The trustee is not obligated to notify any party hereto of pending sale under any other Deed of Trust or of an action or proceeding in which Grantor(s), Trustee, or Beneficiary shall be a party.

15. This Deed of Trust applies to, inures to the benefit of, and is binding not only on the parties hereto, but on his/her/their heirs, devisees, legatees, administrators, executors, and assigns. The term Beneficiary shall mean the holder and owner of the note secured hereby, whether or not named as Beneficiary herein.

16. This Deed of Trust shall be deemed a security agreement, as defined in the Uniform Commercial Code as adopted and amended by the State of Washington. The remedies for any violation of the covenants, terms and conditions of the agreements contained herein shall be as prescribed (i) herein, or (ii) by general law, or (iii) by the specific statutory consequences now or hereafter enacted, and specified in the Uniform Commercial Code as enacted by the State of Washington, all at Beneficiary's sole election. Grantor and Beneficiary agree that the filing of any financing statement in the records normally having to do with personal property shall not be construed as impairing the hereby stated intention of the parties that everything used in connection with the construction, management, maintenance and production of income from the Property together with all other rights and property described herein and comprising the secured property shall at all times and for all purposes in all proceedings, both legal and equitable, be regarded as part of the Property, whether physically attached or specifically identified or not.

17. As further security for the payment of all indebtedness and performance of all obligations secured hereby, Grantor irrevocably and absolutely assigns to Beneficiary, the rents, issues, profits and proceeds of contracts of the Property, together with all future leases, profits and contracts, and any and all extensions, renewals and replacements hereof. However, as long as no default shall exist in any obligation secured hereby, Grantor may collect assigned rents and profits as the same shall fall due. All rents or profits receivable from or in respect to the Property which Grantor shall be permitted to collect hereunder shall be received by it in trust to pay the usual and reasonable operating expenses of, and the taxes upon, the Property and the payment of all sums secured hereby. Upon the occurrence of any default in payment of any indebtedness or performance of any obligation secured hereby, all rights of the Grantor to collect and receive rents and profits shall wholly and immediately terminate without notice, and Beneficiary shall thereafter have the absolute right to all such rents and profits. In addition to, and not in limitation of the foregoing, Beneficiary shall have the right to petition the Court of appropriate jurisdiction for the appointment of a Receiver of the rents, issues and profits of the Property and shall have in addition to the rights and powers customarily given to and exercised by such receiver, the right to enter upon and take possession of the Property and manage the same with all rights and options in regard thereto available to Grantor. Grantor expressly waives the posting of bond by such receiver, and waives any challenge to a proposed receiver based on affiliation with Beneficiary.

18. Beneficiary may commence, appear in, and defend any action or proceeding which may affect the Property or the rights or powers of Beneficiary or the Trustee under this Deed of Trust. Beneficiary may pay, purchase, contest or compromise any encumbrance, charge or lien which in its judgment appears to be prior or superior to the lien of this Deed of Trust, otherwise appears to impair the security hereof, or appears to have been created in violation of the terms hereof. If Grantor fails to make any payment or do any act required under the Loan Documents (including this Deed of Trust), Beneficiary, without any obligation to do so and without releasing Grantor from any obligations under the Loan Documents, may make the payment or cause the act to be performed in such manner and to such extent as Beneficiary may deem necessary to preserve and protect the Property. Beneficiary is authorized to enter upon the Property for such purposes. In exercising any of these powers Beneficiary may incur such expenses, in its absolute discretion, as it deems necessary. All expenses incurred or paid by Beneficiary hereunder shall be paid or reimbursed by Grantor on demand and shall bear

DEED OF TRUST 4 of 6

interest at the default rate provided in the Note, and, if not so paid or reimbursed, shall become a part of the indebtedness secured hereby.

**GRANTOR:**

Willie James Echols

Sign Name: *(signed)*
Print Name: Willie James Echols
Sign Name: _____
Print Name: _____
Sign Name: _____
Print Name: _____

STATE OF __WASHINGTON__
COUNTY OF __KING__ }-ss

On this __9__ day of __NOVEMBER__, __2018__, I certify that I know of have satisfactory evidence that __WILLIE ECHOLS__ (is/are) the person(s) who appeared before me, and said person(s) acknowledged that (he/she/they) signed this instrument and acknowledged it to be (his/her/their) free and voluntary act for the uses and purposes mentioned in this instrument.

Dated: __11/11/18__

Notary Public in and for the state of __WASHINGTON__
Residing at __KIRKLAND__
My appointment expires: __3-9-22__

DEED OF TRUST                5 of 6

REQUEST FOR FULL RECONVEYANCE
*Do not record. To be used only when note has been paid.*

TO: TRUSTEE

The undersigned is the legal owner and holder of the note and all other indebtedness secured by the within Deed of Trust. Said note, together with all other indebtedness secured by said Deed of Trust, has been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel said note above mentioned, and all other evidences of indebtedness secured by said Deed of Trust delivered to you herewith, together with the said Deed of Trust, and to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, all the estate now held by you thereunder.

Dated: _____

Signed: _____

AFTER RECORDING MAIL TO:

Montana Funding, LLC
218 Main Street #405
Kirkland, Washington 98033

## ASSIGNMENT OF DEED OF TRUST

For Value Received, the undersigned as Beneficiary, hereby grants, conveys, assigns and transfers to Montana Funding, LLC, whose address is 218 Main Street #405, Kirkland, Washington 98033, all beneficial interest under that certain Deed of Trust, dated 11/09/2018, executed by Willie James Echols, Grantor(s), to Cascade Trustee Services, Inc, Trustee, and recorded on March 20, 2019, in Volume ___ of Mortgage, at page ___ under Auditor's File No. 20190320001157 Records of King County, Washington, describing land therein as:

LOT 1, SHORT PLAT NO 1079046, ACCORDING TO THE SHORT PLAT RECORDED UNDER KING COUNTY RECORDING NO. 8006250286. SITUATE IN THE COUNTY OF KING, STATE OF WASHINGTON.

Assessor's Property Tax Parcel/Account Number: 0523049168

Together with note or notes therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Deed of Trust.

Dated: 11/13/18

Eastside Funding, LLC, a Washington limited liability company

By _____

STATE OF WASHINGTON
COUNTY OF KING } ss

I certify that I know or have satisfactory evidence that Karla J Hurst (is/are) the person(s) who appeared before me, and said person(s) acknowledged that (he/she/they) signed this instrument, on oath stated that (he/she/they) (is/are) authorized to execute the instrument and acknowledged it an Authorized Signer of Eastside Funding, LLC to be the free and voluntary act of such party(ies) for the uses and purposes mentioned in this instrument.

Dated: 11/13/18

LYNN M. PETERSON
NOTARY PUBLIC #35964
STATE OF WASHINGTON
COMMISSION EXPIRES
SEPTEMBER 29, 2022

Notary Public in and for the state of Washington
My appointment expires: 9/29/22

LPB-21(c) 7/97

| Fill in this information to identify your case and this filing: | | | |
|---|---|---|---|
| Debtor 1 | **Willie** First Name | **James** Middle Name | **Echols** Last Name |
| Debtor 2 (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | WESTERN DISTRICT OF WASHINGTON | | |
| Case number | 19-10359-CMA | | |

■ Check if this is an amended filing

# Official Form 106A/B
# Schedule A/B: Property
12/15

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1: Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In**

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☐ No. Go to Part 2.
   ■ Yes. Where is the property?

1.1
**318 S. 104th Street**
Street address, if available, or other description

**Seattle**  **WA**  **98168-0000**
City  State  ZIP Code

**King**
County

**What is the property?** Check all that apply
■ Single-family home
☐ Duplex or multi-unit building
☐ Condominium or cooperative
☐ Manufactured or mobile home
☐ Land
☐ Investment property
☐ Timeshare
☐ Other

**Who has an interest in the property?** Check one
■ Debtor 1 only
☐ Debtor 2 only
☐ Debtor 1 and Debtor 2 only
☐ At least one of the debtors and another

Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*.

**Current value of the entire property?** $300,000.00
**Current value of the portion you own?** $300,000.00

Describe the nature of your ownership interest (such as fee simple, tenancy by the entireties, or a life estate), if known.
**Fee simple**

☐ Check if this is community property (see instructions)

Other information you wish to add about this item, such as local property identification number:
**Current value based upon search on www.zillow.com is $492,467.00. Value on November 9, 2018 was $300,000.00.**

2. Add the dollar value of the portion you own for all of your entries from Part 1, including any entries for pages you have attached for Part 1. Write that number here........................................................=> **$300,000.00**

**Part 2: Describe Your Vehicles**

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

Official Form 106A/B  Schedule A/B: Property  page 1
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

EXHIBIT 4
Case 19-10359-CMA  Doc 352  Filed 10/29/20  Ent. 10/29/20 09:08:16  Pg. 12 of 17

| Debtor 1 | Willie James Echols | Case number (if known) | 19-10359-CMA |
|---|---|---|---|

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

☐ No
■ Yes

| 3.1 | Make: **Chevrolet** <br> Model: **Camaro** <br> Year: **2004** <br> Approximate mileage: <br> Other information: | **Who has an interest in the property?** Check one <br> ■ Debtor 1 only <br> ☐ Debtor 2 only <br> ☐ Debtor 1 and Debtor 2 only <br> ☐ At least one of the debtors and another <br> ☐ Check if this is community property <br> (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*. <br> **Current value of the entire property?** $2,500.00 | **Current value of the portion you own?** $2,500.00 |
|---|---|---|---|---|
| 3.2 | Make: **Chevolet** <br> Model: **1500** <br> Year: **1999** <br> Approximate mileage: <br> Other information: | **Who has an interest in the property?** Check one <br> ■ Debtor 1 only <br> ☐ Debtor 2 only <br> ☐ Debtor 1 and Debtor 2 only <br> ☐ At least one of the debtors and another <br> ☐ Check if this is community property <br> (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*. <br> **Current value of the entire property?** $1,500.00 | **Current value of the portion you own?** $1,500.00 |
| 3.3 | Make: **Chevrolet** <br> Model: **Van** <br> Year: **1999** <br> Approximate mileage: <br> Other information: | **Who has an interest in the property?** Check one <br> ■ Debtor 1 only <br> ☐ Debtor 2 only <br> ☐ Debtor 1 and Debtor 2 only <br> ☐ At least one of the debtors and another <br> ☐ Check if this is community property <br> (see instructions) | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property*. <br> **Current value of the entire property?** $400.00 | **Current value of the portion you own?** $400.00 |

4. **Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
   *Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

   ■ No
   ☐ Yes

5. Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here......................................................=> **$4,400.00**

| Part 3: | Describe Your Personal and Household Items |
|---|---|

Do you own or have any legal or equitable interest in any of the following items?

**Current value of the portion you own?**
Do not deduct secured claims or exemptions.

6. **Household goods and furnishings**
   *Examples:* Major appliances, furniture, linens, china, kitchenware
   ☐ No
   ■ Yes. Describe.....

   | Household goods/furnishings | $900.00 |
   |---|---|

7. **Electronics**
   *Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
   ☐ No

Official Form 106A/B  Schedule A/B: Property  page 2

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com  Best Case Bankruptcy

| Debtor 1 | Willie James Echols | Case number (if known) | 19-10359-CMA |
|---|---|---|---|

■ Yes. Describe.....

| Electronics | $450.00 |
|---|---|

8. **Collectibles of value**
    *Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
    ■ No
    ☐ Yes. Describe.....

9. **Equipment for sports and hobbies**
    *Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
    ■ No
    ☐ Yes. Describe.....

10. **Firearms**
    *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
    ■ No
    ☐ Yes. Describe.....

11. **Clothes**
    *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
    ☐ No
    ■ Yes. Describe.....

| Clothes | $5,000.00 |
|---|---|

12. **Jewelry**
    *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
    ■ No
    ☐ Yes. Describe.....

13. **Non-farm animals**
    *Examples:* Dogs, cats, birds, horses
    ■ No
    ☐ Yes. Describe.....

14. **Any other personal and household items you did not already list, including any health aids you did not list**
    ■ No
    ☐ Yes. Give specific information.....

15. **Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ............................................................................... | $6,350.00 |

**Part 4:** Describe Your Financial Assets

Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions.

16. **Cash**
    *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
    ■ No
    ☐ Yes..............................................................................................

17. **Deposits of money**
    *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
    ☐ No
    ■ Yes....................... Institution name:

| Debtor 1 | Willie James Echols | Case number (if known) | 19-10359-CMA |
|---|---|---|---|

| | 17.1. | Deposits of Money | $0.00 |
|---|---|---|---|

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes................... Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ■ No
    ☐ Yes. Give specific information about them...................
       Name of entity:                                        % of ownership:

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
    *Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
    *Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
    ■ No
    ☐ Yes. Give specific information about them
       Issuer name:

21. **Retirement or pension accounts**
    *Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
    ■ No
    ☐ Yes. List each account separately.
       Type of account:          Institution name:

22. **Security deposits and prepayments**
    Your share of all unused deposits you have made so that you may continue service or use from a company
    *Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
    ■ No
    ☐ Yes. ..................... Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
    ■ No
    ☐ Yes............. Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
    26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).
    ■ No
    ☐ Yes............. Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

25. **Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
    ■ No
    ☐ Yes. Give specific information about them...

26. **Patents, copyrights, trademarks, trade secrets, and other intellectual property**
    *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
    ■ No
    ☐ Yes. Give specific information about them...

27. **Licenses, franchises, and other general intangibles**
    *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
    ■ No
    ☐ Yes. Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

| Debtor 1 | Willie James Echols | Case number *(if known)* | 19-10359-CMA |
|---|---|---|---|

28. **Tax refunds owed to you**
    - ■ No
    - ☐ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

29. **Family support**
    *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
    - ■ No
    - ☐ Yes. Give specific information......

30. **Other amounts someone owes you**
    *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay, workers' compensation, Social Security benefits; unpaid loans you made to someone else
    - ■ No
    - ☐ Yes. Give specific information..

31. **Interests in insurance policies**
    *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
    - ■ No
    - ☐ Yes. Name the insurance company of each policy and list its value.
        Company name:      Beneficiary:      Surrender or refund value:

32. **Any interest in property that is due you from someone who has died**
    If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
    - ■ No
    - ☐ Yes. Give specific information..

33. **Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
    *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
    - ■ No
    - ☐ Yes. Describe each claim.........

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    - ■ No
    - ☐ Yes. Describe each claim.........

35. **Any financial assets you did not already list**
    - ■ No
    - ☐ Yes. Give specific information..

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here.......................................................................................................** | **$0.00**

**Part 5:** Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. Do you own or have any legal or equitable interest in any business-related property?
    - ■ No. Go to Part 6.
    - ☐ Yes. Go to line 38.

**Part 6:** Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.
If you own or have an interest in farmland, list it in Part 1.

46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?
    - ■ No. Go to Part 7.
    - ☐ Yes. Go to line 47.

**Part 7:** Describe All Property You Own or Have an Interest in That You Did Not List Above

Official Form 106A/B — Schedule A/B: Property — page 5
Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com — Best Case Bankruptcy

EXHIBIT 4
Case 19-10359-CMA Doc 3526 Filed 10/29/20 Ent. 10/29/20 09:08:16 Pg. 16 of 17

| | | | | |
|---|---|---|---|---|
| Debtor 1 | Willie James Echols | | Case number (if known) | 19-10359-CMA |

53. **Do you have other property of any kind you did not already list?**
    *Examples:* Season tickets, country club membership
    ■ No
    ☐ Yes. Give specific information.........

54. **Add the dollar value of all of your entries from Part 7. Write that number here** ...................................  $0.00

### Part 8: List the Totals of Each Part of this Form

| | | | |
|---|---|---:|---:|
| 55. | **Part 1: Total real estate, line 2** ........................................................................................................ | | $300,000.00 |
| 56. | **Part 2: Total vehicles, line 5** | $4,400.00 | |
| 57. | **Part 3: Total personal and household items, line 15** | $6,350.00 | |
| 58. | **Part 4: Total financial assets, line 36** | $0.00 | |
| 59. | **Part 5: Total business-related property, line 45** | $0.00 | |
| 60. | **Part 6: Total farm- and fishing-related property, line 52** | $0.00 | |
| 61. | **Part 7: Total other property not listed, line 54** | + $0.00 | |
| 62. | **Total personal property.** Add lines 56 through 61... | $10,750.00 | Copy personal property total  $10,750.00 |
| 63. | **Total of all property on Schedule A/B**. Add line 55 + line 62 | | $310,750.00 |